LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective
Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| GERARDO MORENO FLORES and DANIEL CINTO, *on behalf of themselves, FLSA Collective Plaintiffs and the Class*, <br><br> Plaintiffs, <br><br> v. <br><br> 47TH ST. FOOD, INC. d/b/a BLAKE & TODD, 53RD ST. FOOD, LLC d/b/a BLAKE & TODD, 52 VAN FOOD CORP. d/b/a BLAKE & TODD and ALEX RACHOWIN, <br><br> Defendants. | Case No.: 18-cv-4281 <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

---

Plaintiffs, GERARDO MORENO FLORES and DANIEL CINTO (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, 47TH ST. FOOD, INC. d/b/a BLAKE & TODD, 53RD ST. FOOD, LLC d/b/a BLAKE & TODD, 52 VAN FOOD CORP. d/b/a BLAKE & TODD (collectively, "Corporate Defendants"), and ALEX RACHOWIN ("Individual Defendant," and together with Corporate Defendants, "Defendants") and state as follows:

1

## **INTRODUCTION**

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## **PARTIES**

5. Plaintiff GERARDO MORENO FLORES is a resident of Queens County, New York.

6. Plaintiff DANIEL CINTO is a resident of Queens County, New York.

7. Defendants operate three (3) restaurants under the common trade name "Blake & Todd" with addresses as follows:

    (a) 7 West 47th Street, New York, NY 10036 ("Blake & Todd 47th Street");

    (b) 52 East 53rd Street, New York, NY 10022 ("Blake & Todd 53rd Street");

    (c) 52 Vanderbilt Avenue, New York, NY 10017 ("Blake & Todd Vanderbilt") (collectively, "Blake & Todd Restaurants").

8. Defendants operate Blake & Todd Restaurants as a single integrated enterprise. Specifically, Blake & Todd Restaurants are engaged in related activities, share common ownership and have a common business purpose. Blake & Todd Restaurants are commonly owned by the Individual Defendant ALEX RACHOWIN. Blake & Todd Restaurants share a common logo, share a common feel and look, serve similar menu items and are advertised jointly on Defendants' website (https://store7.geomerx.com/blaketodd47th/). See Exhibit 1, Defendants' Website Homepage. Supplies and employees are interchangeable between Blake & Todd Restaurants.

9. Corporate Defendant 47TH ST. FOOD, INC. d/b/a BLAKE & TODD is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 7 West 47th Street, New York, NY 10036. Defendants operate "Blake & Todd 47th Street" restaurant through Corporate Defendant 47TH ST. FOOD, INC.

10. Corporate Defendant 53RD ST. FOOD, LLC d/b/a BLAKE & TODD is a domestic limited liability company organized under the laws of the State of New York, with a principle place of business located and an address for service of process located at 52 East 53rd Street, New York, NY 10022. Defendants operate "Blake & Todd 53rd Street" restaurant through Corporate Defendant 53RD ST. FOOD, LLC.

11. Corporate Defendant 52 VAN FOOD CORP. d/b/a BLAKE & TODD is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 52 Vanderbilt Avenue, New York, NY 10017. Defendants operate "Blake & Todd Vanderbilt" restaurant through Corporate Defendant 52 VAN FOOD CORP.

12. Individual Defendant ALEX RACHOWIN is the owner and chief executive officer of Corporate Defendants. ALEX RACHOWIN exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. ALEX RACHOWIN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ALEX RACHOWIN regarding any of the terms of their employment, and ALEX RACHOWIN would have the authority to effect any changes to the quality and terms of employees' employment. ALEX RACHOWIN regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. ALEX RACHOWIN ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ALEX RACHOWIN exercised functional control over the business and financial operations of Corporate Defendants.

13. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

14. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all delivery workers employed by Defendants at Blake & Todd Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the prevailing minimum wage. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all delivery workers employed by Defendants at Blake & Todd Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay the prevailing minimum wage, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation

where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiffs and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

(d) Whether Defendants properly notified Plaintiffs and Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants paid Plaintiffs and Class members the proper minimum wage under the New York Labor Law;

(f) Whether Defendants provided proper notice to Plaintiffs and Class members that Defendants were taking a tip credit;

(g) Whether Defendants provided proper wage statements informing Plaintiffs and Class members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(h) Whether Defendants took the proper amount of tip credit allowance from Plaintiffs and Class members under the New York Labor Law;

(i)     Whether Defendants established the tip payment structure for Plaintiffs and Class members;

(j)     Whether Defendants required Plaintiffs and Class members to perform non-tipped work for more than twenty percent (20%) of their workdays;

(k)     Whether Defendants kept daily records of tips earned by Plaintiffs and Class members;

(l)     Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law; and

(m)     Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

### *Plaintiff GERARDO MORENO FLORES*

26.     From in or about January 2005 until in or about March 2018, Plaintiff GERARDO MORENO FLORES was employed by Defendants to work as a delivery worker for Defendants' "Blake & Todd 47th Street" restaurant located at 7 West 47th Street, New York, NY 10036.

27.     Throughout his employment with Defendants, Plaintiff GERARDO MORENO FLORES was regularly sent to work at Defendants' other Blake & Todd Restaurants, including "Blake & Todd 53rd Street" located at 52 East 53rd Street, New York, NY 10022 and "Blake & Todd Vanderbilt" located at 52 Vanderbilt Avenue, New York, NY 10017, as needed.

28.     Throughout his employment with Defendants, Plaintiff GERARDO MORENO FLORES regularly worked eight (8)-hour shifts, from 7:00 a.m. to 3:00 p.m., for five (5) days per week. In addition, on at least two Fridays each month, Plaintiff was required to stay an extra three (3) hours to clean the restaurant at Blake & Todd 47th Street; and on at least one Saturday

each month, Plaintiff worked at Blake & Todd Vanderbilt from 6:00 a.m. to 2:30 p.m. to clean the restaurant. Each workday, Plaintiff had a lunch break of thirty (30) minutes. Based on Plaintiff's observations and conversations with other delivery workers at Blake & Todd Restaurants, all FLSA Collective Plaintiffs and Class members worked similar hours.

29. From in or about January 2012 until in or about December 2015, Plaintiff GERARDO MORENO FLORES was paid at a regular rate of $5.00 per hour. From in or about January 2016 until in or about December 2016, Plaintiff was paid at a regular rate of $7.50 per hour. From in or about January 2017 until the end of his employment with Defendants, Plaintiff was paid at a regular rate of $9.00 per hour. Based on Plaintiff's observations and conversations with other delivery workers at Blake & Todd Restaurants, all FLSA Collective Plaintiffs and Class members were paid at similar hourly rates that were less than the full minimum wage.

30. From the beginning of his employment until in or about December 2016, Plaintiff GERARDO MORENO FLORES was paid in cash. During this time, Defendants did not provide Plaintiff with any wage statements with his wage payments. Starting in January 2017, Defendants started paying Plaintiff in checks with wage statements. However, the wage statements were improper because they failed to show the proper regular rate of pay or the amount of tip credit taken for each payment period.

31. Throughout his employment with Defendants, Plaintiff GERARDO MORENO FLORES did not receive proper wage and hour notices as required under the New York Labor Law.

*<u>Plaintiff DANIEL CINTO</u>*

32.     From in or about March 2015 until on or about January 11, 2017, Plaintiff DANIEL CINTO was employed by Defendants to work as a delivery worker for Defendants' "Blake & Todd 47th Street" restaurant located at 7 West 47th Street, New York, NY 10036.

33.     Throughout his employment with Defendants, Plaintiff DANIEL CINTO was regularly sent to work at Defendants' other Blake & Todd Restaurants, including "Blake & Todd 53rd Street" located at 52 East 53rd Street, New York, NY 10022 and "Blake & Todd Vanderbilt" located at 52 Vanderbilt Avenue, New York, NY 10017, as needed.

34.     Throughout his employment with Defendants, Plaintiff DANIEL CINTO regularly worked eight (8)-hour shifts, from 7:00 a.m. to 3:00 p.m., for five (5) days per week. In addition, at least one Saturday each month, Plaintiff worked a sixth day at Blake & Todd Vanderbilt from 9:30 a.m. to 5:00 p.m. Each workday, Plaintiff had a lunch break of thirty (30) minutes. Based on Plaintiff's observations and conversations with other delivery workers at Blake & Todd Restaurants, all FLSA Collective Plaintiffs and Class members worked similar hours.

35.     From the beginning of his employment with Defendants until in or about December 2015, Plaintiff DANIEL CINTO was paid at a regular rate of $7.50 per hour. From in or about January 2016 until the end of his employment with Defendants, Plaintiff was paid at a regular rate of $8.00 per hour. Based on Plaintiff's observations and conversations with other delivery workers at Blake & Todd Restaurants, all FLSA Collective Plaintiffs and Class members were paid at similar hourly rates that were less than the full minimum wage.

36.     Throughout his employment with Defendants, Plaintiff DANIEL CINTO was paid in cash and did not receive any wage statements from Defendants.

11

37. Throughout his employment with Defendants, Plaintiff DANIEL CINTO did not receive proper wage and hour notices as required under the New York Labor Law.

*<u>Plaintiffs, FLSA Collective Plaintiffs and the Class</u>*

38. At all relevant times, Defendants paid Plaintiffs, FLSA Collective Plaintiffs and Class members at hourly rates below the prevailing minimum wage, in violation of the FLSA and NYLL.

39. Plaintiffs, FLSA Collective Plaintiffs and Class members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiffs, FLSA Collective Plaintiffs and Class members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiffs, FLSA Collective Plaintiffs and Class members of the proper regular rate of pay or the amount of tip credit taken for each payment period.

40. During their employment with Defendants, Plaintiffs GERARDO MORENO FLORES and DANIEL CINTO were required to engaged in various non-tipped activities, such as unloading incoming deliveries of food ingredients and supplies; delivering the ingredients and supplies to and from different Blake & Todd Restaurants; stocking drinks in the refrigerators; sweeping, mopping and vacuuming the floors; cleaning the restaurant; cutting vegetables and preparing food in the kitchen; going to Home Depot to purchase tools for the restaurants; and other non-tipped duties, for more than twenty percent (20%) of their workdays. Based on Plaintiffs' observations and conversations with other delivery workers, FLSA Collective

Plaintiffs and Class members similarly spent at least twenty percent (20%) of their workdays performing such non-tipped activities.

41. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs and Class members either the FLSA minimum wage or the New York State minimum wage, despite failing to satisfy the requirements to claim tip credit.

42. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by NYLL.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the NYLL.

44. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs and Class members, in violation of the NYLL.

45. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Plaintiffs reallege and reaver Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

49. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

50. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. Defendants were not entitled to claim any tip credits because they failed to meet the statutory requirements under the FLSA.

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the prevailing minimum wage when Defendants knew or should have known such was due.

52. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage plus an equal amount as liquidated damages.

55. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective

Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

56. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

57. Plaintiffs reallege and reaver Paragraphs 1 through 56 of this class and collective action Complaint as if fully set forth herein.

58. At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

59. Defendants knowingly and willfully violated the rights of Plaintiffs and Class members by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits because they failed to meet the statutory requirements under the NYLL.

60. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiffs and Class members, as required by New York Labor Law § 195(1).

61. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by New York Labor Law § 195(3).

62. Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wage, damages for

unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the FLSA and NYLL;

d. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the prevailing minimum wage pursuant to the FLSA;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the prevailing minimum wage pursuant to the NYLL;

g. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiffs as Representatives of the Class; and

    k.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:   May 14, 2018                        Respectfully submitted,

                                                By:    */s/ C.K. Lee*
                                                           C.K. Lee, Esq.

                                                           LEE LITIGATION GROUP, PLLC
                                                           C.K. Lee (CL 4086)
                                                           Anne Seelig (AS 3976)
                                                           30 East 39th Street, Second Floor
                                                           New York, NY 10016
                                                          Tel.: (212) 465-1188
                                                          Fax: (212) 465-1181

                                                          *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*