UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO MORENO FLORES and DANIEL CINTO, on behalf of themselves, FLSA collective plaintiffs, and the class,<br><br>Plaintiffs,<br><br>–against–<br><br>47TH ST. FOOD, INC. d/b/a BLAKE & TODD, 53RD ST. FOOD, LLC d/b/a BLAKE & TODD, 52 VAN FOOD CORP. d/b/a BLAKE & TODD, and ALEX RACHOWIN<br><br>Defendants. | 18 CV 4281 (JPO) |

**ORDER GRANTING (1) UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARDS; (3) UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The parties entered into a settlement totaling $600,000 on February 11, 2019 in a Settlement Agreement and Release (hereinafter "Settlement" or "Agreement"), and filed for preliminary approval of the settlement on February 14, 2019. Decl. of Plaintiff in Supp. of Pl.'s Mot. for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶16.

On April 9, 2019, this Court entered an Order preliminarily approving the settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC, as class counsel ("Class Counsel"), appointing Arden Claims Service as settlement administrator (the "Settlement Administrator"), and authorizing notice to all Class Members (the "Preliminary Approval Order").

On August 29, 2019, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final

1

Approval"). On August 3, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on August 13, 2019. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the August 13, 2019, fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the August 13, 2019, fairness hearing, and for good cause shown,

**Now, therefore, it is hereby ordered, adjudged and decreed:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiffs Gerardo Moreno Flores and Daniel Cinto as representatives of the Class, both under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group, PLLC, as Class Counsel for the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and for individuals who opted into the litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act, and due process.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby grants the Motion for Final Approval to the Agreement and approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

9. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10. The settlement is also substantively fair. All the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the total settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Id.* at 463.

11. The Court also finds that the Class's reaction to the settlement was positive. No Class Member objected to or opted out of the settlement.

12. The Court finds that the proposed plan of allocation is rationally related to the

relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

13. The Court hereby grants Plaintiff's Motion for Attorneys' Fees in part, and awards Class Counsel $150,000, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

14. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $551.48, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the litigation. The attorney's fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

15. The Court approves and finds reasonable the service awards to the named plaintiffs Gerardo Moreno Flores and Daniel Cinto, $5,000 each, and to opt-in plaintiffs Pedro Fernandez, $8,000, Pedro Diaz, $5,000, Jose Cardenas and Marcos Fernandez, $2,000 each, and Jose Nicholas Dutan and Martin Martinez, $1,500 each, in recognition of the services they rendered on behalf of the class. This amount shall be paid from the Settlement Fund.

16. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $42,500 from the Settlement Fund.

17. This Order is contingent upon the Court's receipt of confirmation from counsel that any notice required by 28 U.S.C. § 1715 has been served upon appropriate Federal and State official(s). Pursuant to 28 U.S.C. § 1715(d) and pending such confirmation, this Order will become effective 90 days after the later of the dates on which the appropriate Federal and State official(s) are served notice.

18. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is SO ORDERED this 13th day of August, 2019.

_____
J. PAUL OETKEN
United States District Judge